Upon review of all the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, to receive further evidence, or to rehear the parties or their representatives, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner with minor modifications as follows:
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties in a the Pre-Trial Agreement and by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. Candler Truck Service is insured by Riscorp.
3. The parties are properly before the Industrial Commission with no question of misjoinder or nonjoinder.
4. A Form 22 wage chart will be submitted for the purpose of calculating the plaintiff 's average weekly wage.
5. The parties agree that the issues to be determined by the Commission are:
 (a) Whether or not the plaintiff sustained an injury by accident to his left leg arising out of and in the course of his employment with the defendant on January 26, 1996?
 (b) If so, to what compensation benefits is the plaintiff entitled as a result of this injury?
 (c) Whether or not the plaintiff sustained an injury by traumatic incident to his back arising out of and in the course of his employment with defendant on January 26, 1996?
 (d) If so, to what compensation benefits is the plaintiff entitled as a result of this injury?
 (e) Did plaintiff give proper notice of his alleged injuries to his employer in accordance with N.C. Gen. Stat. § 97-22?
 ************* EVIDENTIARY RULINGS
The following items which were submitted after the hearing before the Deputy Commissioner are admitted as evidence in this case: (1) three pages of medical notes; (2) the I.C. Form 22 submitted by defendant, and (3) a W-2 Wage and Tax Statement for 1995.
 *************
Based upon the competent evidence of record herein, the Full Commission adopts the findings of fact of the Deputy Commissioner with minor modifications and finds as follows:
 FINDINGS OF FACT
1. Plaintiff is a male who was born on February 20, 1940. He completed the ninth grade. Plaintiff went to work for defendant as a truck mechanic on August 2, 1989.
2. On or about January 26, 1996, plaintiff was working on a refrigerated trailer, which had been involved in an accident. Plaintiff and co-employee Matthew Sizemore were using a large air jack to try to close the back door of the trailer to prevent the refrigerated contents from thawing. The jack jumped out from under the trailer door it was holding up and hit plaintiff in the left shin, knocking him somewhat backwards against a wall, though not to the ground. The jack was approximately four feet tall when not extended; it had tires on it; and it was heavy. Plaintiff felt pain in his leg, running up into his hip and back. This incident was witnessed by Matthew Sizemore, a co-employee.
3. On the day of this incident, plaintiff reported it to Wayne Carswell, the service manager. The accident happened on a Friday, and the following Monday or Tuesday, plaintiff reported the accident to Ruth Hill, who worked in the office of the defendant-employer. Plaintiff gave defendant-employer timely notice of his work-related injury by accident. Defendants were not prejudiced by plaintiff's failure to give written notice of his accident. Defendants had adequate opportunity to investigate and to provide immediate medical treatment. Defendants made the appointment for plaintiff to be treated by Dr. Everett D. Smith. Plaintiff's medical records indicate that he reported low back pain and pain in the left groin and down into his left thigh. Dr. Smith diagnosed lumbar back strain and placed plaintiff on light duty. Also, according to the testimony of Ann Clayton, defendants knew, prior to plaintiff's treatment by Dr. Smith, that he was experiencing pain in his hip, leg and knee which plaintiff was attributing to the incident involving the jack hitting his knee.
4. Plaintiff continued to work for defendant-employer, although he was experiencing pain in his leg and his back. He thought he had only strained his back, and that it would improve. When his back pain did not improve, plaintiff first sought medical treatment on February 11, 1996, when he saw Dr. Lester Smart.
5. Plaintiff continued to experience worsening pain in his lower back, and eventually was referred to Dr. Stewart Harley, an orthopedic surgeon whom he first saw on September 30, 1996. An MRI confirmed that plaintiff had a herniated disk at L4-5, for which Dr. Harley has recommended a discectomy and decompression surgery. It is Dr. Harley's opinion that the jack incident of January 26, 1996 most likely caused plaintiff 's herniated disk at L4-5 and that a discectomy and decompression of the L-5 nerve root on the left would be beneficial to plaintiff.
6. The surgery was originally scheduled for November 4, 1996. However, plaintiff did not proceed with the surgery, because the carrier has denied coverage.
7. On or about January 26, 1996, the plaintiff sustained an injury by accident when a heavy jack dislodged from under a trailer door and hit plaintiff's left leg, knocking him somewhat backwards into a wall. As a result of this accident, plaintiff sustained injury to his left leg and to his lower back, more specifically a herniated disk at L4-5.
8. Due to his ongoing back pain, plaintiff has been unable to earn any wages in his regular employment with defendant since September 30, 1996. He has also been unable to earn wages in any other employment since that date. The back surgery recommended by Dr. Harley is reasonably required to relieve plaintiff 's symptoms and increase the chances that he could return to gainful employment.
 *************
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On or about January 26, 1996, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer, as a result of which he sustained injury to his left leg and his lower back. N.C. Gen. Stat. § 97-2(6).
2. As a result of his compensable injury by accident of January 26, 1996, plaintiff has incurred medical expenses for treatment rendered which was reasonably necessary to effect a cure, give relief, or lessen any period of disability. Defendants are responsible for payment of all reasonably necessary medical expenses. N.C. Gen. Stat. §§ 97-2(19), 97-25.
3. As a result of his compensable injury by accident of January 26, 1996, plaintiff has been unable to earn wages in the same or any other employment and has been totally disabled since September 30, 1996. Plaintiff is entitled to ongoing benefits so long as he remains totally disabled pursuant to N.C. Gen. Stat. § 97-29.
4. On or about January 26, 1996, plaintiff had an average weekly wage of $329.71, yielding a compensation rate of $219.82.
5. Plaintiff gave defendants proper notice of his accident and defendants had actual notice of the accident. Defendants were not prejudiced by plaintiff's failure to give written notice of his accident, including the injury to his back. N.C. Gen. Stat. § 97-22.
 *************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. As a result of his compensable injury by accident of January 26, 1996, defendants shall pay plaintiff temporary total disability compensation at the rate of $219.82 from September 30, 1996, and continuing until further order of the Industrial Commission, subject to the attorney's fee approved below. Such amount as has accrued to date shall be paid in a lump sum.
2. Defendants shall pay all medical expenses incurred or to be incurred in the future by the plaintiff as a result of his compensable injury for so long as such treatments tend to effect a cure, give relief, or lessen the period of disability, including expenses which may reasonably be necessary for treatment of plaintiff 's lower back injury when the bills for same have been submitted and approved through procedures adopted by the Industrial Commission. Defendants shall further reimburse any third party who paid for any portion of plaintiff's medical treatment when bills for such treatment are submitted and approved according to procedures adopted by the Industrial Commission.
3. A reasonable attorney's fee of twenty-five percent of the compensation awarded to plaintiff herein is approved for plaintiff 's counsel. Twenty-five percent of the amount accrued and due plaintiff shall be paid to his counsel. Thereafter, every fourth check shall be forwarded to plaintiff 's counsel.
4. Defendants shall pay the costs.
 S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ______________________ J. HOWARD BUNN, Jr. CHAIRMAN
S/ ______________________ CHRISTOPHER SCOTT COMMISSIONER